UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEORGE S. VASILOPOULOS,<br><br>Plaintiff,<br><br>v.<br><br>RYAN DOLIN, et al.,<br><br>Defendants. | Civil Action No. 09-72 (JAG)<br><br>**ORDER**<br>CLOSED |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the application to proceed in forma pauperis filed by pro se plaintiff George S. Vasilopoulos ("Plaintiff"). Having reviewed Plaintiff's application and the attached complaint, this Court will grant Plaintiff's application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915, ask the Clerk to file the complaint, and dismiss the complaint for failing to state a claim on which relief may be granted, or alternatively, lack of subject matter jurisdiction.

In his complaint, Plaintiff alleges that Ryan, Charles, and Ann Dolin (collectively "Defendants") "conspired to and inflicted on [Plaintiff] a fals[e] complaint and [accusation that Plaintiff] violated a No Contact Order while [Plaintiff] was out of town." Plaintiff further alleges that Defendant Charles Dolin "swore under oath that [Plaintiff] violated a No Contact order by following [Dolin] while [Plaintiff] was out of town" which caused Plaintiff to be arraigned, apparently in state court. Plaintiff also alleges that these "actions . . . are causing great pain

1

emotionally, phicically [sic] and finacially [sic]."[1]

Reading this complaint as broadly as possible, as this Court must when addressing claims of pro se litigants, Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992), this Court concludes that Plaintiff intends to bring a criminal action and charge Defendants with perjury.

"[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). See also Diamond v. Charles, 476 U.S. 54, 64-5 (1986). Plaintiff, a private citizen, is without authority to prosecute criminal charges. See Maine v. Taylor, 477 U.S. 131, 136-7 (1986) ("the United States and its attorneys have the sole power to prosecute criminal cases in the federal courts"). As a result, the complaint, on its face, clearly indicates that the relief Plaintiff seeks is barred. Therefore, this Court shall dismiss the complaint for failing to state a claim on which relief may be granted.

Alternatively, Plaintiff appears to allege a claim for emotional distress. This Court has an independent obligation to satisfy itself that it has subject matter jurisdiction. See FED. R. CIV. P. 12(h)(3). Plaintiff's complaint alleges no violation of a federal statute, nor does it name the United States as a defendant. The only possible basis for subject matter jurisdiction would be diversity, pursuant to 28 U.S.C. § 1332. However, since Plaintiff and Defendants are citizens of

---

[1] On January 12, 2009, Plaintiff filed an Amended Complaint, essentially reiterating the same allegations contained in his original complaint. Plaintiff did, however, add allegations that Defendants' "actions have caused [him] increased seizure activity, enciety [sic], emotional pain and physical stress," causing him "to take anxiety medication." The Amended Complaint presents no substantive difference from the original complaint. As such, the Amended Complaint will be dismissed.

2

New Jersey, no diversity exists. Therefore, this Court shall dismiss the complaint for lack of subject matter jurisdiction.

Therefore,

IT IS, this 29th day of January, 2009,

ORDERED that the application to proceed in forma pauperis is GRANTED, pursuant to 28 U.S.C. § 1915; and it is further

ORDERED that the Clerk of the Court shall file the Complaint without prepayment of fees and security; and it is further

ORDERED that the complaint, to the extent it seeks to bring a criminal action against Defendants, is DISMISSED, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failing to state a claim on which relief may be granted; and it is further

ORDERED that the complaint and the amended complaint, to the extent they seek to bring a claim for emotional distress, are DISMISSED, without prejudice, for lack of subject matter jurisdiction, pursuant to FED. R. CIV. P. 12(h)(3); and it is further

ORDERED that a copy of this Order be served on all parties within seven (7) days of the date of entry of this Order.

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.