UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEORGE S. VASILOPOULOS, : <br> : <br> Plaintiff, : <br> : Civil Action No. 09-072 (JAG) <br> v. : <br> : **ORDER** <br> RYAN DOLIN et. al., : <br> : <br> Defendant. : | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motion of plaintiff, George S. Vasilopoulos ("Plaintiff"), to reconsider this Court's January 29, 2009 order dismissing Plaintiff's complaint. The Complaint stated that Ryan Dolin, Ann Dolin, and Charles Dolin (collectively "Defendants") "conspired to and inflicted upon [Plaintiff] a fals[e] complaint and [accusation that Plaintiff] violated a No Contact Order while [Plaintiff] was out of town."  (Docket Entry No. 3.) Furthermore, Plaintiff alleged that Defendant Charles Dolin made false statements against Plaintiff under oath.  (Id.)  Finally, Plaintiff claimed that these actions by Defendants caused him emotional, physical and financial distress.  (Id.)

Plaintiff's Complaint was dismissed for failing to state a claim on which relief may be granted. (Docket Entry No. 7.)  This Court shall treat the instant motion as a motion to reconsider, pursuant to FED. R. CIV. P. 59(e).  For the reasons set forth below, Plaintiff's motion is denied.

1

**RECONSIDERATION STANDARD**

A motion to reconsider, pursuant to FED. R. CIV. P. 59(e) and L. CIV. R. 7.1(i), is "an extremely limited procedural vehicle," and requests pursuant to these rules are to be granted "sparingly." P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 1992) (citing Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986)). The Third Circuit has held that the purpose of a motion to reconsider is to "correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986).

A court may grant a motion to reconsider only if the moving party shows either: (1) an intervening change in the controlling law; (2) the existence of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. See North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). To satisfy its burden, the moving party must show "dispositive factual matters or controlling decisions of law" that were brought to the court's attention but not considered. P. Schoenfeld Asset Mgmt. LLC, 161 F. Supp. 2d at 353; see also Pelham v. United States, 661 F. Supp. 1063, 1065 (D.N.J. 1987). "The motion may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached." P. Schoenfeld Asset Mgmt., L.L.C., 161 F. Supp. 2d at 352. "A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and argument considered by the court before rendering its original decision fails to carry the moving party's burden.'" Id. (quoting G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990) (internal citations omitted)).

The "proper ground for granting a motion to reconsider, therefore, is that the matters or decisions overlooked, if considered by the court, 'might reasonably have altered the result reached.'" G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990) (quoting New York Guardian Mortgage Corp. v. Cleland, 473 F. Supp. 409, 420 (S.D.N.Y. 1979)).

**ANALYSIS**

Plaintiff's motion does not allege that there has been an intervening change in controlling law, any new evidence, or an error made by this Court. Rather, Plaintiff contends that he should be afforded the right to be heard due to his status as a disabled person. (Docket Entry No. 7.) He further asserts that he is entitled to certain accommodations mandated within the Constitution that afford him this right. (Id.) However, these allegations do not change the fact that Plaintiff's complaint fails to establish a basis for federal subject matter jurisdiction. "Whether a case is within the exclusive jurisdiction of the federal courts depends on the substantive claims that the plaintiff actually asserts, not on the substantive issues that ultimately may prove decisive." 13 Charles Alan Wright, et. al., Federal Practice and Procedure § 3527 (3d ed. 2008). Before a court may "consider the merits of appellant's claim or the propriety of the relief requested, however, appellant must first demonstrate that [he] is entitled to invoke the judicial process." Linda R.S. v. Richard D., 410 U.S. 614, 614 (1973).

Plaintiff has resubmitted the same allegations presented in his original complaint. As previously noted by this Court, those claims, which seek to bring criminal charges against Defendants are not within the jurisdiction of the federal courts. Plaintiff has offered no new information that could establish federal jurisdiction.

Therefore,

    IT IS on this 8th day of May, 2009,

    ORDERED that Plaintiff's motion for reconsideration (Docket No. 7) is DENIED; and it is further

    ORDERED that a copy of this Order be served on all parties within seven (7) days of the date of entry of this Order.

    S/Joseph A. Greenaway, Jr.
    JOSEPH A. GREENAWAY, JR., U.S.D.J.